

**ORDERED in the Southern District of Florida on October 15, 2007.**

**Paul G. Hyman, Chief Judge**
**United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION


In re:                              CASE NO.: 07-10802-BKC-PGH

Michael J. DeMeo,                   Chapter 7

    Debtor(s).
_____/

Citicorp Leasing, Inc.,             ADV. NO.: 07-1220-BKC-PGH-A

    Plaintiff(s),

v.

Michael J. DeMeo,

    Defendant(s).

_____/


## ORDER GRANTING PLAINTIFF CITICORP LEASING, INC.'S MOTION FOR SUMMARY JUDGMENT

**THIS MATTER** came before the Court on May 23, 2007 upon

Citicorp Leasing, Inc.'s (the "Plaintiff" or "CLI") *Motion for*

*Summary Judgment* (the "Motion").  On September 4, 2007, Michael J. DeMeo (the "Debtor") filed a *Memorandum in Opposition to Plaintiff's Motion for Summary Judgment* (the "Response").

Plaintiff filed a complaint asserting that a debt owed by the Debtor is nondischargeable under 11 U.S.C. § 523(a)(6) (the "Adversary Complaint").  The debt in question is evidenced by a New York State Court default judgment for, among other things, conversion of the Plaintiff's collateral (the "New York Judgment"). The Motion asserts that the portion of the New York Judgment for conversion constitutes a debt for willful and malicious injury to the property of another entity and therefore is nondischargeable under section 523(a)(6).

The issue before the Court is whether collateral estoppel applies to establish that the debt is nondischargeable as a willful and malicious injury under section 523(a)(6).  For the reasons discussed below, the Court finds that the requirements of collateral estoppel have been met and that entry of summary judgment in favor of the Plaintiff is appropriate.

<u>**BACKGROUND**</u>

The Debtor was President and CEO of Carcorp, USA ("CUSA"), which had an established line of credit with European American Bank ("EAB"); EAB was later acquired by CLI.[1]  The Debtor personally

_____

[1]This fact is taken from *Defendant, Michael J. DeMeo's Affadavit in Opposition to Plaintiff's Motion for Summary*

guaranteed the line of credit and executed a guaranty that provided that "[the Debtor] submits to the jurisdiction of the federal and state courts in New York State in any action or proceeding brought under this Guaranty . . . ." (Adversary Compl., Ex. B.)

On October 18, 2002, CLI filed a complaint in the Supreme Court of the State of New York, New York County, against CUSA, Carcorp Ventures, Inc., and the Debtor, for conversion of CLI's property (the "New York Complaint").  The Debtor was served with the New York Complaint on October 24, 2002 but did not file any responsive pleading.

On March 19, 2003, the Supreme Court of the State of New York entered a default judgment against the Debtor and in favor of CLI. The amount of the New York Judgment based upon conversion is $744,359.00.  Under Chapter 55 of the Florida Statutes, CLI subsequently domesticated the New York Judgment by recording it in the land records in Broward County, Florida. The Debtor did not contest the domestication of the New York Judgment and CLI then instituted enforcement proceedings in the Seventeenth Judicial Circuit of Broward County, Florida.

One year after the New York Judgment was entered, the Debtor moved to vacate that judgment (the "Motion to Vacate").  In the Debtor's *Affidavit in Support of Motion to Vacate Default Judgment*

---

*Judgment*.  All other facts are taken from the parties' Joint Stipulation of Facts and exhibits attached thereto filed on September 18, 2007, unless otherwise noted.

accompanying the Motion to Vacate, the Debtor acknowledged that he received notice of the action against him, but "relied on the advice of my former counsel to my detriment." (Joint Stipulation, Ex. B.)  The New York Court denied the Motion to Vacate and stated that "the documentary evidence establishes that the corporate defendants expressly agreed to 'the exclusive jurisdiction and venue of any New York State or federal court located in New York City or Nassau County,' and that [the Debtor] expressly agreed to submit to the jurisdiction of the federal and state courts in New York." (Joint Stipulation, Ex. C.)

On February 8, 2007, the Debtor filed for relief under Chapter 7 of the Bankruptcy Code.  On May 2, 2007 CLI filed this adversary proceeding against the Debtor.

**CONCLUSIONS OF LAW**

The Court has jurisdiction over this matter under 28 U.S.C. § 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (I).

**A.   *The Summary Judgment Standard***

Federal Rule of Civil Procedure 56(c), made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7056, provides that summary judgment is appropriate if the Court determines that the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

4

material fact and that the moving party is entitled to a judgment
as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp.
v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby,
Inc.*, 477 U.S. 242, 247-48 (1986).  "An issue of fact is 'material'
if it is a legal element of the claim under the applicable
substantive law which might affect the outcome of the case."  *Allen
v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).   "In
determining whether a genuine question of material fact exists, the
Court must consider all evidence in the light most favorable to the
non-movant." *Pilkington v. United Airlines, Inc.*, 921 F. Supp. 740,
744 (M.D. Fla. 1996). In considering a motion for summary judgment,
"the court's responsibility is not to resolve disputed issues of
fact but to assess whether there are any factual issues to be
tried, while resolving ambiguities and drawing reasonable
inferences against the moving party." *Knight v. U.S. Fire Ins. Co.*,
804 F.2d 9, 11 (2d Cir. 1986), *cert. denied*, 480 U.S. 932, 107 S.
Ct. 1570, 94 L. Ed. 2d 762 (1987) (citing *Anderson*, 477 U.S. at
248). "Summary judgment may be inappropriate even where the parties
agree on the basic facts, but disagree about the inferences that
should be drawn from these facts. . . . If reasonable minds might
differ on the inferences arising from undisputed facts, then the
court should deny summary judgment." *Herzog v. Castle Rock Entm't*,
193 F.3d 1241, 1246 (11th Cir. 1999).

**B.  *The Doctrine of Collateral Estoppel***

State court judgments are entitled to "the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985) (*citing* 28 U.S.C. § 1738).  The Doctrine of collateral estoppel, or issue preclusion, prevents re-litigation of issues that have been necessarily decided in a prior proceeding. *Callasso v. Morton & Co.*, 324 F. Supp. 2d 1320, 1324 (S.D. Fla. 2004); *DirecTV v. Deerey (In re Deerey)*, 343 B.R. 308, 310 (Bankr. M.D. Fla. 2006). Moreover, collateral estoppel applies to state court judgments in nondischargeability proceedings in bankruptcy courts.  *See Grogan v. Garner*, 498 U.S. 279, 287 (1991); *Feldstein v. Computers Auditors & Scientists, Inc.*, 93 B.R. 272 (Bankr. M.D. Fla. 1988).

It is well settled that federal courts are to apply the collateral estoppel law of the state in which judgment was rendered.  *See Maresse*, 470 U.S. at 380; *Tricentrol Overseas, Ltd. v. Touchstone (In re Touchstone)*, 149 B.R. 721, 725 (Bankr. S.D. Fla. 1993).  In this case, the underlying judgment was entered in New York and therefore New York's collateral estoppel laws apply.

Under New York Law, in order for collateral estoppel to apply two requirements must be satisfied: (1) the identical issue must necessarily have been decided in the prior action and be decisive

of the present action, and (2) the party to be precluded from re-litigating the issue must have had a full and fair opportunity to litigate the issue in the prior action.  *Evans v. Ottimo*, 469 F.3d 278, 281 (2d. Cir. 2006); *see also D'Arata v. N.Y. Cent. Mutual Fire Ins. Co.*, 564 N.E.2d 634, 664 (N.Y. 1990).  The Court finds that the Debtor's liability for willful and malicious conversion is established by the New York Judgment and is decisive of the present action, and that the Debtor had a full and fair opportunity to litigate the issue in the New York Proceedings.

**C.    *The Debtor is Collaterally Estopped from Contesting the Jurisdiction of the New York Court***

The Debtor argues in the Response that because he did not appear in New York he did not have a full and fair opportunity to contest the jurisdiction of the New York Court.   The Debtor relies on the 11th Circuit decision in *In re Held*, 734 F.2d 628 (11th Cir. 1984), to argue that an issue must have actually been litigated by the defendant in the prior litigation in order for collateral estoppel to apply.  However, the *Held* Court was applying Florida collateral estoppel principles, which are not applicable here. Under New York collateral estoppel law, an issue does not need to have been actually raised in the pleadings as long as it was necessarily decided by the Court.  *See Ottimo*, 469 F.3d at 282; *Kret v. Brookdale Hosp. Med. Ctr.*, 462 N.Y.S.2d 896, 902 (N.Y. App. Div. 1983).

The New York Court decided the jurisdictional issue when it denied the Debtor's Motion to Vacate the New York Judgment. In denying the Motion to Vacate, the New York Court held not only that there was no reasonable excuse for the default, but also that the documentary evidence established that the Debtor expressly agreed to the jurisdiction of New York state courts. The New York Court made an independent determination that it had personal jurisdiction over the Debtor.[2] The Debtor does not dispute that he was properly served in state court or that he failed to respond to the complaint. Moreover, the record does not indicate that the Debtor ever directly appealed either the New York Judgment or the Order denying the Motion to Vacate. Where a defendant has received an adverse determination as to jurisdiction in one court he may not raise the issue again in another court, even if the ruling is erroneous on the facts or law. *Archbold Health Servs., Inc. v. Future Tech. Bus. Sys., Inc.*, 659 So.2d 1204, 1206 (Fla. Dist. Ct. App. 1995); *Boorman v. Deutsch*, 547 N.Y.S.2d 18, 21 (N.Y. App. Div. 1989). The proper remedy, if a party believes there was an error by the state court, is to seek reversal in the proper appellate court.

---

[2]It is worth noting that the New York Court was correct in finding that it had jurisdiction over the Debtor based on the forum-selection clause in the guaranty executed by the Debtor. *See British W. Indies Guar. Trust Co. v. Banque Internationale A Luxembourg*, 567 N.Y.S.2d 731 (N.Y. App. Div. 1991) (finding that forum-selection clauses are *prima facie* valid absent a showing that enforcement would be unreasonable or unjust or that the clause is invalid because of fraud or overreaching).

*See Archbold Health Servs.*, 659 So.2d at 1206.   Because the New York Court necessarily determined that it had personal jurisdiction over the Debtor and he did not appeal that ruling, he can not now contest the jurisdiction of the New York Court in this proceeding.

**D.     The Debtor Is Collaterally Estopped From Contesting Liability For Conversion Based Upon The New York Judgment.**

In New York, collateral estoppel applies to a prior judgment obtained by default where the defending party failed to answer. *See Ottimo*, 469 F.3d 278 (rejecting the argument that collateral estoppel cannot be applied where the prior judgment was obtained by default).   A defaulting litigant may not contest the liability issues in a subsequent bankruptcy proceeding.  *Id.* at 282 (holding that a bankruptcy court is bound by the liability determination in a state court default judgment).  Moreover, upon entry of a default judgment, all traversable allegations of liability in the complaint are deemed admitted.     *Brown v. Rosedale Nurseries, Inc.*, 686 N.Y.S.2d 22, 23 (N.Y. App. Div. 1999). The New York Complaint alleged that the Debtor "converted the CLI collateral including, without limitation, the Vehicles and the Insurance proceeds" and "in exercising dominion and control over the foregoing CLI collateral . . . [the Debtor] acted with malice, insult, and reckless and willful disregard for the rights of CLI."   The New York Judgment was entered against the Debtor on default after he failed to file any responsive pleading.   He is therefore deemed to have admitted the allegations in the New York Complaint, including

that he willfully and maliciously converted CLI's collateral. The Debtor was afforded the *opportunity* to contest the allegations, but as the New York Court determined in denying the Motion to Vacate, he deliberately chose not to do so.   The New York Judgment is therefore conclusive as to the issue of the Debtor's liability for willful and malicious conversion of CLI's collateral and the Debtor is collaterally estopped from contesting liability.

**E.     *The New York Judgment for Conversion is a Nondischargeable Debt Under Section 523(a)(6)***

CLI seeks a determination that the New York Judgment is nondischargeable under section 523(a)(6) as a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity."  11 U.S.C. § 523(a)(6).  A judgment for willful and malicious conversion of the collateral of a secured party by an individual debtor falls within section 523(a)(6) as a willful and malicious injury to the property of another and is a nondischargeable debt. *Ford Motor Credit Co. v. Owens*, 807 F.2d 1556 (11th Cir. 1987); *In re Penning*, 22 B.R. 616 (Bankr. E.D. Mich. 1982). Because the New York Judgment was entered on default, the Debtor is deemed to have admitted that he willfully and maliciously converted CLI's collateral as alleged in the New York Complaint and the debt for the New York Judgment is therefore nondischargeable.

In this case, the New York Complaint alleges: (i) CLI advanced funds to CUSA to purchase vehicles for lease to its lessees; (ii)

CLI maintained a purchase money security interest in the vehicles, the proceeds of the vehicles, and insurance proceeds; (iii) the Debtor personally guaranteed the payment and performance of CUSA; and (iv) the Debtor, as President and CEO, subsequently caused CUSA to sell a number of the vehicles in violation of the security agreement and failed to pay the proceeds to CLI.

The facts of this case are similar to those that were before the court in *Owens*. In *Owens* the debtor had personally guaranteed the payment and performance of the car dealership of which he was the majority stockholder.  Under its security agreement with FMCC, the inventory financier, the dealership was to hold proceeds from sales in trust for FMCC and to remit those proceeds to FMCC upon receipt.   The dealership subsequently sold a number of vehicles without remitting the proceeds to FMCC in violation of the agreement.   The 11th Circuit upheld the District Court's determination that "a personal debtor who, as an officer of a corporation, actively participates in the conversion of property which is subject to the security interest of a third party, is personally liable to said party and thus the debt is nondischargeable pursuant to section 523(a)(6)."  *Id*. at 1559 (citing *In re Schwartz*, 36 B.R. 355 (E.D.N.Y. 1984)).  Based on the allegations of the New York Complaint it is clear that the Debtor here was an officer of Carcorp who actively participated in the conversion of CLI's collateral and thus is personally liable to CLI

11

for the damaged caused thereby.  Therefore, the New York Judgment against the Debtor is a debt for willful and malicious conversion of property of another and is nondischargeable under section 523(a)(6).

### CONCLUSION

The Court finds that no material facts are in dispute and that the requirements for the application of collateral estoppel have been satisfied.  The New York Judgment conclusively establishes the Debtor's liability for willful and malicious injury to the property of another and that the Debtor had a full and fair opportunity to litigate the matter in the New York proceedings.  Thus, entry of summary judgment in favor of the Plaintiff is appropriate.

The Court having considered the submissions of the parties and being otherwise fully advised in the premises, it is hereby:

**ORDERED AND ADJUDGED** that:

1.    The Motion is **GRANTED**.

2.    Judgment is awarded in favor of the Plaintiff.

3.    The Debtor's discharge of the debt identified by the New York Judgment is **DENIED**.

4.    Pursuant to Federal Rule of Bankruptcy Procedure 9021, a separate final judgment shall be entered by the Court contemporaneously herewith.

### ###

Copies Furnished To:

Gregory S Grossman, Esq

12

```
701 Brickell Ave 16 Fl
Miami, FL 33131

Harry J Ross, Esq
6100 Glades Rd #211
Boca Raton, FL 33434

Deborah Menotte
POB 211087
West Palm Beach, FL 33421

AUST
```